## In re MIDGLEY.

Court of Customs and Patent Appeals. October 4, 1929.

Patent Appeal No. 2119.

Edward C. Taylor and Robt. P. Harvey, both of Chicopee Falls, Mass., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge. The appellant filed his application for a patent on a process and apparatus for incorporating cords in rubber sheets. It is stipulated that claim numbered 1, rejected by the various tribunals in the Patent Office, is the only one in issue here. This claim is as follows:

"1. The method of building a composite sheet of rubber and parallel cords which consists in feeding the cords in parallel relation under equalized tension applying them while in this condition to a sheet of rubber traveling at the same speed as the feed of the cords, locating all the cords on the rubber at the meeting point of the cords and rubber by rolling pressure in the predetermined positions they are to occupy with relation to one another, holding them in such position until they adhere to the rubber, and then applying additional rolling pressure on the entire surface of the cord and rubber sheet to cause the cords to sink further into the sheet."

This claim sufficiently sets forth the essential elements of appellant's invention, without further description. The First As-

sistant Commissioner justifies his rejection of this claim by reference to a United States patent to Marquette, No. 1,321,223, issued November 11, 1919.

An examination of the drawings and specifications of the Marquette reference fully justifies the action of the Patent Office upon this claim. In the Marquette patent, cords, under tension and properly spaced by corrugated rolls, are passed between sheets of unvulcanized plastic rubber, through fluted rollers, resulting in a sheet of corrugated surfaced rubber cord fabric. Marquette claims that by this method he avoids crushing the cords, thus making an improvement upon the ordinary process of making such fabric with flat surfaces; that by exerting the pressure upon the rubber sheets, between the parallel cords, the fabric is formed without injury to the cords. Appellant claims his process of pressing the cords into the rubber and the production of a flat-surfaced fabric differs radically from the Marquette process.

We are unable to observe any real difference. The pressure exerted upon the rubber by the Marquette fluted rollers is, nevertheless, laterally, at least, a pressure extending over the entire surface of the cords. The methods are practically the same, and obtain practically similar results. The contour of the surface is an unimportant mechanical detail, and one that might easily be altered, at pleasure.

Furthermore, it is quite obvious, from an examination of the Marquette specifications, that a flat-surfaced cord fabric was well known to the art at the time of their filing, and is therein fully disclosed. To quote:

"Various methods have heretofore been devised for the proper covering of the cords, and for the production of cord fabric. But certain of these processes were slow, while other and more rapid ones entailed the subjecting of the cords to pressure, distortion, strain, and breaking of the fibers. Of this latter class were those processes which included the passing of the cords and the rubber stock between calender rolls, while causing sufficient pressure between the rolls to work the stock down between the cords, and stick it to the cords. The difficulty was that the high pressure, applied over the whole width of the sheet, not only acted on the rubber, but, unfortunately, acted also to flatten, distort, and disrupt the cords, and cords so abused resulted in a fabric whose cords were of inferior quality and wearing properties. Yet this calender method had the very real advantages of rapid and continuous production of sheets of indefinite length, performance by simple and easily procured machines, and simple technique."

We conclude that the decision of the Commissioner is right, and it will be affirmed.

Affirmed.